IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL ZIMMER,

                Petitioner,

v.                                       OPINION and ORDER

MATTHEW MARSKE,                        21-cv-284-jdp

                Respondent.

---

Petitioner Michael Zimmer, who was incarcerated at FCI Oxford when he filed this case, seeks relief under 28 U.S.C. § 2241. Zimmer contends that he is entitled to 100 days of earned-time credit for completing the Federal Bureau of Prison's (BOP) residential drug abuse program (RDAP). But, because the BOP has released Zimmer, I cannot meaningfully order such relief. So I will dismiss the petition as moot.

Under the First Step Act (FSA), an eligible prisoner may earn time credits when he successfully completes evidence-based recidivism reduction programming or productive activities. *See* 18 U.S.C. § 3632(d)(4)(A). The BOP "shall transfer eligible prisoners . . . into prerelease custody or supervised release." *Id.* § 3632(d)(4)(C).

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). To satisfy this "case or controversy" requirement, "parties must continue to have a personal stake in the outcome of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). If a party no longer has a personal stake in the outcome of the lawsuit, the lawsuit is moot and the court lacks jurisdiction to hear it. *See Lewis*, 494 U.S. at 477; *see also Spencer*, 523 U.S. at 7. I must determine whether

jurisdiction exists, even if a party does not raise the issue. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

A prisoner's release may deprive him of a personal stake in the outcome of a lawsuit, thus mooting it. *See Spencer*, 523 U.S. at 7. A party has no stake in a case when the court cannot grant any relief that would have a meaningful effect on a party. *United States v. Shorter*, 27 F.4th 572, 575 (7th Cir. 2022). Where, as here, the petitioner challenges only an expired sentence, he bears "the burden of identifying some ongoing collateral consequence" that: (1) he can trace to the part of the sentence that he challenges; and (2) a judicial decision can likely remedy. *See United States v. Juv. Male*, 564 U.S. 932, 936 (2011).

Here, the petition is moot. The records in this case and publicly available records from the BOP's website show that the BOP released Zimmer on July 5, 2022. In his petition, Zimmer contends that he is entitled to 100 days of earned-time credit for completing RDAP. But, if I granted this relief, it would not affect him now that the BOP has released him. "The fact remains that he is now released and the amount of time that he spent in prison cannot be undone." *Eichwedel v. Curry*, 700 F.3d 275, 279 (7th Cir. 2012).

In a later filing, Zimmer contends that, if he received 100 days of earned-time credits, his supervised release would end 100 days earlier. *See* Dkt. 2, at 1–2. But I cannot use the earned-time credit that the BOP allegedly unlawfully failed to give Zimmer before his release to reduce his term of supervised release retroactively. *See, e.g., Wilson v. Sawyer*, No. 4:20-CV-00326-MW-MAF, 2020 WL 7346550, at *4 (N.D. Fla. Nov. 13, 2020), *report and recommendation adopted*, 2020 WL 7342656 (N.D. Fla. Dec. 14, 2020); *Wilson v. Andrews*, No. 1:20CV470 (RDA/MSN), 2020 WL 5891457, at *4–6 (E.D. Va. Oct. 5, 2020); *Garland v.*

*Johnson*, No. 1:19-CV-0053-P, 2019 WL 5106274, at *1 (W.D. La. Aug. 12, 2019), *report and recommendation adopted*, No. 1:19-CV-0053-P, 2019 WL 5108184 (W.D. La. Oct. 11, 2019).

Potentially, Zimmer could file a motion to modify his term of supervised release under 18 U.S.C. § 3583(e) based on the error that he alleges here. *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam). But Zimmer would have to file such a motion in the court that would have jurisdiction over his supervision, which would be the sentencing court, the District of South Dakota. *See Herndon v. Upton*, 985 F.3d 443, 447 (5th Cir. 2021). And, because sentencing courts enjoy wide discretion in ruling on such motions, any possibility that a favorable decision from me might influence that court "is not enough to keep the case alive." *See Watkins v. U.S. Dist. Ct. for the Cent. Dist. of Ill.*, 37 F.4th 453, 459 (7th Cir. 2022). Zimmer potentially could seek a ruling under § 2241 that he has completed his sentence. *See Figueroa v. Tarquino*, 737 F. App'x 789, 790 (7th Cir. 2018). But Zimmer's allegations do not suggest that, if he received 100 days of earned-time credit, he would have completed his supervised release.

In sum, because I cannot meaningfully grant Zimmer the relief that he seeks, his petition is moot.

Accordingly, IT IS ORDERED that:

1. The petition, Dkt. 1, is DISMISSED AS MOOT.
2. Any pending motions are DENIED AS MOOT.

3. The clerk of court is directed to close this case and send petitioner a copy of this order.

Entered September 2, 2022.

                                                BY THE COURT:

                                                /s/

                                                _____
                                                JAMES D. PETERSON
                                                District Judge